# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

LANIS E. SOLOMON, JR.,

                Plaintiff,

v.

MILWAUKEE COUNTY SHERIFF'S OFFICE, C.O. SOBEK, C.O. HANNAH, C.O. MICKULECY, C.O. BRIGGS, C.O. JACKSON, and C.O. VANG,

                Defendants.

Case No. 18-CV-1922-JPS

**ORDER**

      Plaintiff Lanis E. Solomon, Jr., who is incarcerated at the Milwaukee County Jail (the "Jail"), proceeds in this matter *pro se*. He filed a complaint alleging that Defendants violated his constitutional rights. (Docket #1). This matter comes before the court on Plaintiff's petition to proceed without prepayment of the filing fee (*in forma pauperis*). (Docket #7).[1] This matter was originally assigned to Magistrate Judge David E. Jones. Due to Plaintiff's indigence, Magistrate Judge Jones waived payment of an initial partial filing fee. (Docket #5). The case was reassigned to this branch of the Court on December 20, 2018. The Court now proceeds to screen the complaint.

      The court shall screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion

---

[1] Plaintiff filed two such motions. (Docket #2 and #7). The second will be granted, and the first denied as moot.

thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109–10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. Section 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Vill. of N. Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff alleges that he was incarcerated in the Jail in August 2018. (Docket #6 at 2).[2] Defendants are correctional officers at the Jail. At one point, Defendants accused Plaintiff of having a handcuff key on his person.

---

[2]Plaintiff filed an original complaint on December 6, 2018, (Docket #1), but then filed an amended complaint on December 13, 2018, (Docket #6). The amended complaint supersedes the prior complaint and so the Court screens only the amended complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998).

*Id.* Plaintiff admitted that he had one secreted in his rectum. *Id.* All of the Defendants then allegedly rushed into Plaintiff's cell and, while holding him down, forcibly removed the key from his rectum. *Id.* at 3. Plaintiff further claims that he was taken to the hospital afterwards, and when he returned to the Jail, he was sprayed with pepper spray (he does not explain what prompted the pepper spraying). *Id.* at 3.

Plaintiff's allegations state a claim for excessive force. Because he was a pre-trial detainee at the time of the relevant incident, his claim arises under the Due Process Clause of the Fourteenth Amendment. In the excessive force context, the Due Process Clause, which prohibits all "punishment," affords broader protection than the Eighth Amendment's protection against only punishment that is "cruel and unusual." *See Wilson v. Williams*, 83 F.3d 870, 875 (7th Cir. 1996).

The Fourteenth Amendment prohibits the "objectively unreasonable" use of force on a pre-trial detainee. *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015). Objective reasonableness "turns on the facts and circumstances of each particular case," and the court must make this determination "from the perspective of a reasonable officer on the scene." *Id.* The court must also account for the jail officials' need to "preserve internal order and discipline and to maintain institutional security." *Id.* (quotation omitted).

Considerations that bear on the reasonableness or unreasonableness of the force used may include, among other things: "the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was

actively resisting." *Id.* Taking Plaintiff's allegations as true, the Court concludes that he has stated a claim for excessive force. Defendants will be free to argue that Plaintiff's possession of a handcuff key posed a sufficient security risk that they needed to intervene immediately and forcefully to remove it from Plaintiff's rectum.

"The Fourth Amendment protects, to some degree, prisoners' bodily integrity against unreasonable intrusions *into* their bodies." *King v. McCarty*, 781 F.3d 889, 900 (7th Cir. 2015); *Sparks v. Stutler*, 71 F.3d 259, 261 (7th Cir. 1995) (applying the Fourth Amendment in a prison context to the use of a catheter, but finding no liability due to qualified immunity). The Fourth Amendment assesses whether a search was "reasonable" under an objective view of the circumstances. *Florida v. Jimeno*, 500 U.S. 248, 250–51 (1991).

Plaintiff has sufficiently alleged that he was the victim of an unreasonable body cavity search in light of the fact that Plaintiff would have passed the key eventually. Defendants are free to argue that the urgency of the situation and the jail's penological interests warranted a rectal search.

The Milwaukee County Sheriff's Office will be dismissed as a defendant. Generally, county jails are non-suable entities. *Smith v. Knox Cty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). Additionally, this incident appears to be isolated and unique to the Plaintiff—there are no allegations that this was done pursuant to a policy that would implicate the Milwaukee County Sheriff's Office in a *Monell* claim. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978).

In light of the foregoing, the Court finds that Plaintiff may proceed on the following claims pursuant to 28 U.S.C. § 1915A(b):

Claim One: The use of excessive force against Plaintiff, in violation of the Fourteenth Amendment, by Defendants on August 9, 2018.

Claim Two: The unreasonable search of Plaintiff, in violation of the Fourth Amendment, by Defendants on August 9, 2018.

Accordingly,

**IT IS ORDERED** that Plaintiff's second motion for leave to proceed without prepayment of the filing fee (*in forma pauperis*) (Docket #7) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's first motion for leave to proceed without prepayment of the filing fee (*in forma pauperis*) (Docket #2) be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that Defendant Milwaukee County Sheriff's Office be and the same is hereby **DISMISSED** from this action;

**IT IS FURTHER ORDERED** that pursuant to the informal service agreement between Milwaukee County and this court, copies of plaintiff's amended complaint and this order are being electronically sent today to Milwaukee County for service on the Milwaukee County defendants.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between Milwaukee County and this court, the defendants shall file a responsive pleading to the amended complaint within sixty days of receiving electronic notice of this order;

**IT IS FURTHER ORDERED** that the agency having custody of the plaintiff shall collect from his institution trust account the balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in

accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If the plaintiff is transferred to another institution, county, state, or federal, the transferring institution shall forward a copy of this Order along with plaintiff's remaining balance to the receiving institution;

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Plaintiff is confined; and

**IT IS FURTHER ORDERED** that the plaintiff shall submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter. As each filing will be electronically scanned and entered on the docket upon receipt by the clerk, the plaintiff need not mail copies to the defendants. All defendants will be served electronically through the court's electronic case filing system. The plaintiff should also retain a personal copy of each document filed with the court.

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 5th day of February, 2019.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge